**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **LINDSEY J. HULIN, JR.** § | **CIVIL ACTION NO:** |
| § | |
| *Plaintiff* § | |
| **v.** § | |
| § | |
| **TIFFIN MOTOR HOMES, INC.** § | |
| § | |
| *Defendant* § | **JURY TRIAL REQUESTED** |

**COMPLAINT**

### I. Parties

1. Plaintiff, LINDSEY J. HULIN, JR., has been at all times material hereto a resident and citizen of the state of Louisiana.

2. Defendant, TIFFIN MOTOR HOMES, INC., hereinafter "TIFFIN,"is an Alabama corporation with its principal place of business located in Mandeville, Louisiana and is a citizen of the state of Alabama and is a warrantor of the RV that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

TIFFIN's agent for service of process is National Registered Agents, Inc., 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

3. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involves a question of federal law and the amount in controversy is over $50,000.00. Incidental and consequential damages generally may be used to calculate the amount in controversy if allowed by state law. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883 (5th Cir. 2014); *Messana*

*v. Mercedes-Benz of N. Am., Inc.*, 5 Fed. Appx. 522 (7th Cir. 2001).

Plaintiff is suing the Defendants for a rescission of the sales contract under Louisiana Civil Code Art. 2545 wherein a seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the ***return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees***. [Emphasis Added] A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202.

The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  Venue

4.    Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5.    All conditions precedents have been performed or have occurred.

### V.    Facts

#### A.  The Transaction

6.    On October 13, 2020, Plaintiff purchased a new 2021 TIFFIN PHAETON 2140IH

-2-

bearing VIN:5VBPA57A8MA121647, hereinafter "PHAETON 2140IH," from ANCIRIA MOTORHOMES, INC. The PHAETON 2140IH was purchased primarily for Plaintiff's personal use in the State of Louisiana.

7. The sales price of the PHAETON 2140IH was $297,486.00. Civil or Punitive penalties for breach of warranty are recoverable, if they are recoverable for breach of implied and express warranties under the applicable state law. See *Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).

8. Plaintiff is entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00. Plaintiff specifically alleges the sale of the PHAETON 2140IH was intended to gratify a nonpecuniary interest wherein Plaintiff and his family loved to go camping and the enjoyment those activities bring to them. Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the Defendant knew, or should have known, that their failure to perform would cause that kind of loss.

9. Plaintiff also specifically alleges that the Defendant intended, through their failure, to aggrieve the feelings of the Plaintiff through their failure to repair the PHAETON 2140IH within a reasonable time. Plaintiff is therefore entitled to an award of non-pecuniary damages in the amount of $50,000.00. See **Beasley v. Ed's MobileHomes, Inc.**, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

### D. Actionable Conduct

10. In fact, when delivered, the PHAETON 2140IH was defective in materials and

workmanship, with such defects being discovered shortly after purchased. Many defective conditions have occurred since purchase, including, but not limited to, the defects, non-conformities and conditions listed in any and all Repair Orders including the fan hub housing wherein the PHAETON 2140IH was out of service over 100 days.

11. Since purchase, Plaintiff has returned his PHAETON 2140IH to the Defendant and its authorized dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant was given the opportunity to repair the PHAETON 2140IH, the Defendant has failed to repair the PHAETON 2140IH.

12. Plaintiff directly notified the Defendant of the defects, non-conformities and conditions in the PHAETON 2140IH.

13. The PHAETON 2140IH is a "thing" under La. Civil Code Articles 2520, et seq.

14. TIFFIN is a "manufacturer" under La. Civil Code Articles 2520, et seq.

15. The Defendant is a "seller" under La. Civil Code Articles 2520, et seq.

16. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

17. The defects described in the PHAETON 2140IH vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

18. Plaintiff has provided the Defendant sufficient notice and opportunity to repair his defective boat.

19. Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

20. The hidden defects, non-conformities and conditions in the PHAETON 2140IH

existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the PHAETON 2140IH had he known of the defects prior to the sale.

21. Furthermore, the Defendant has failed to repair the PHAETON 2140IH which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

22. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2) and Louisiana Redhibition law, Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of the Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

23. IN THE ALTERNATIVE, Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

24. Defendant violated the following provisions of the DTPA:

    a. §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(6), §17.46(b)(7), §17.46(b)(9), §17.46(b)(12), §17.46(b)(13), §17.46(b)(20), §17.46(b)(22) and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiff;

    b. §17.50(2): breach of express warranty, as defined in §2.313 of the Tex Bus and Com Code (the warranty failed of its essential purpose and Plaintiff were

   deprived of substantial value of bargain because the defect was not corrected within reasonable time);

   c. §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987);

   d. §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

   e. §17.50(3): an unconscionable action or course of action as defined by §17.45(5); and

   f. §17.46(b)(12): misrepresenting agreements and legal rights.

25. Because of the inherent defects in the PHAETON 2140IH which defects existed at the time the PHAETON 2140IH was sold although not discovered until later, the PHAETON 2140IH was not merchantable in that it would not pass without objection in the trade under the contract description and it was not fit for the ordinary purpose for which such recreational vehicles are used. Furthermore, Defendant failed to perform the repair work in a good and workmanlike manner. This conduct by Defendant constitutes a breach of the implied warranties described above, which breach is actionable under DTPA § 17.50(a)(2).

26. Defendant's statements that the PHAETON 2140IH's defects would be and had been repaired misrepresented the characteristics, uses, benefits, standard and quality of Defendant's services. For this reason, these representations were false, misleading and deceptive as defined in DTPA § 17.46(b)(5) and (7); and this conduct is actionable under DTPA § 17.50(a)(1).

27. The Defendant's acts or practices in the selling and/or repairing of the PHAETON 2140IH to Plaintiff were unconscionable actions or courses of action because they took advantage of the Plaintiff' lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. For this reason, this transaction was unconscionable and is actionable under DTPA §

17.50(a)(3).

28. Plaintiff further contend that Defendant's violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA entitling Plaintiff to seek civil penalties in trebling of their actual damages in accordance with the DTPA.

29. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth below.

30. Any purported waiver or limitation of rights under DTPA by the Defendant is a violation of public policy under §17.42. WAIVERS: PUBLIC POLICY:

    (a)    Any waiver by a consumer of the provisions of this subchapter is contrary to public policy and is unenforceable and void; provided, however, that a waiver is valid and enforceable if:

        (1)    the waiver is in writing and is signed by the consumer;

        (2)    the consumer is not in a significantly disparate bargaining position; and

        (3)    the consumer is represented by legal counsel in seeking or acquiring the goods or services.

    (b)    A waiver under Subsection (a) is not effective if the consumer's legal counsel was directly or indirectly identified, suggested, or selected by a Defendant or an agent of the Defendant.

    (c)    A waiver under this section must be:

        (1)    conspicuous and in bold-faced type of at least 10 points in size;

        (2)    identified by the heading "Waiver of Consumer Rights," or words of similar meaning; and

        (3)    in substantially the following form

:

> "I waive my rights under the Deceptive Trade Practices-Consumer Protection Act, Section 17.41 et seq., Business & Commerce Code, a law that gives consumers special rights and protections. After consultation with an attorney of my own selection, I voluntarily consent to this waiver.

    (d)    The waiver required by Subsection (c) may be modified to waive only specified rights under this subchapter.

31.    Any purported limitation or reduction in the statute of limitations by the Defendant under DTPA must not be less than two years under the Texas Civil Practice and Remedies Code §16.070. Contractual Limitations Period:

    (a)    Except as provided by Subsection (b), a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years. A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state.

    (b)    This section does not apply to a stipulation, contract, or agreement relating to the sale or purchase of a business entity if a party to the stipulation, contract, or agreement pays or receives or is obligated to pay or entitled to receive consideration under the stipulation, contract, or agreement having an aggregate value of not less than $500,000.

32.    Under DTPA the statute of limitations is two years §17.565.  LIMITATION:

**All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.  The period of limitation provided in this section may be extended for a period of 180 days if the Plaintiffs proves that failure timely to commence the action was caused by the Defendant'sss knowingly engaging in conduct solely calculated to induce the Plaintiffs to refrain from or postpone the commencement of the action.**

33.    The limited remedy in Defendant's warranty fails of its essential purpose and deprives Plaintiff of the substantial value of the bargain because Defendant or its authorized dealerships did

not correct the defects within a reasonable time. Tex. Bus. and Com. Code § 2.719. Therefore, any purported limitation of remedies is ineffective.

34. The exclusion of consequential and incidental damages is unconscionable and therefore unenforceable.

35. Plaintiff seeks the remedy of rescission of the sales contract under §17.50(b)(3) and seeks an order necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired in violation of the Texas DTPA.

36. As a direct and proximate result of Defendant's willful violation of its obligations under the DTPA, Plaintiff has suffered actual, consequential and incidental damages, including but not limited to money expended on the purchase of the PHAETON 2140IH, damages associated with the inconvenience suffered as a result of the complete failure of the  to operate properly, the loss of use of the  during the weeks it has been in the garage for repairs, the cost of repairs related to these defects, loss of wages, mental anguish and attorneys' fees.  Plaintiff has incurred and will continue to incur in order to protect their rights in this matter.  The precise amount of damages is unknown at the present time but is estimated to be in excess of $300,000.00 and will be shown according to proof at trial.  Attorneys' fees, loss of use, interest, and other damages continue to accrue.

37. Under the DTPA, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.  As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

# VI. Prayer for Relief

38. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

   a. For general, special and actual damages according to proof at trial;

   b. Rescinding the sale of the 2021 TIFFIN PHAETON 2140IH bearing VIN:5VBPA57A8MA121647 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c. For incidental and consequential damages according to proof at trial;

   d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

   e. Any diminution in value of the PHAETON 2140IH attributable to the defects;

   f. Past and future economic losses;

   g. Non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.;

   h. Prejudgment and post-judgment interest;

   i. Attorney fees;

   j. Costs of suit, expert fees and litigation expenses; and

   k. All other relief this Honorable Court deems appropriate.

# VII. Demand for Jury Trial

39. Plaintiff hereby demand trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
(337) 371-0375

ATTORNEY FOR PLAINTIFF