UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDSEY J. HULIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-1974** |
| **TIFFIN MOTOR HOMES, INC.** | **SECTION: "G"(5)** |

# ORDER

On June 27, 2022, Plaintiff Lindsey J. Hulin, Jr. ("Plaintiff") filed a complaint in this Court against Defendant Tiffin Motor Homes, Inc. ("Defendant"), seeking to recover damages allegedly sustained due to defects in Plaintiff's motorhome, which was manufactured by Defendant.[1] Pending before the Court is Defendant's Motion to Transfer Venue.[2] The motion was set for submission on December 28, 2022.[3] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[4] Thus, any opposition to Defendant's motion was due on December 20, 2022. Plaintiff has not filed an opposition to this motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[5]

Defendant argues that the case should be transferred to the United States District Court for the Northern District of Alabama, Northwestern Division because the express limited warranty

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] Rec. Doc. 6-4.

[4] EDLA Local Rule 7.5.

[5] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 330, 356 (5th Cir. 1993).

1

contains a mandatory forum selection clause.[6]

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[7] Section 1004(a) is "a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."[8]

Usually, a court applying the doctrine of *forum non conveniens* must determine whether there is an adequate alternative forum and, if so, determine which forum is best-suited to the litigation by considering "a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum."[9] The existence of a mandatory, valid forum selection clause simplifies the analysis in two ways: (1) the "plaintiff's choice of forum merits no weight because, by contracting for a specific forum, the plaintiff has effectively exercised its venue privilege before a dispute arises;"[10] and (2) the private-interest factors "weigh entirely in favor of the preselected forum, so that the district court may consider arguments about public-interest factors only."[11] Thus,

---

[6] Rec. Doc. 6-1.

[7] 28 U.S.C. § 1404(a).

[8] *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49, 60 (2013) (internal citations omitted).

[9] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016) (citing *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794–95 (5th Cir. 2007)).

[10] *Id.* (quoting *Atl. Marine*, 571 U.S. at 63) (internal quotation marks omitted).

[11] *Id.* (quoting *Atl. Marine*, 571 U.S. at 64) (internal quotation marks omitted).

"a valid forum-selection clause controls the *forum non conveniens* inquiry '[i]n all but the most unusual cases.'"[12]

The forum selection clause contained in the limited warranty provides:

> PURCHASER AND TIFFIN AGREE THAT EXCLUSIVE JURISDICTION OF ANY PROCEEDING HEREUNDER SHALL BE IN THE STATE COURT OF GENERAL JURISDICTION IN AND FOR FRANKLIN COUNTY, ALABAMA, OR IN THE FEDERAL DISTRICT COURT DIVISION THAT INCLUDES FRANKLIN COUNTY, ALABAMA.[13]

The forum selection clause is mandatory because it states that exclusive jurisdiction for any proceeding related to the limited warranty shall be in a state of federal court in Franklin County, Alabama.[14] The Northern District of Alabama, Northwestern Division encompasses Franklin County, Alabama, Plaintiff has not filed any opposition to this motion or presented any reason why the mandatory forum selection clause should not be enforced. Accordingly,

**IT IS FURTHER ORDERED** the Motion to Transfer Venue[15] is **GRANTED** and this matter is **TRANSFERRED** to the United States District Court for the Northern District of Alabama, Northwestern Division.

**NEW ORLEANS, LOUISIANA** this   6th   day of January, 2023.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[12] *Id.* (quoting *Atl. Marine*, 571 U.S. at 64).

[13] Rec. Doc. 6-2 at 36.

[14] *See Barnett*, 831 F.3d at 299 (treating the following language as a mandatory forum selection clause: "This Contract shall be governed by and interpreted exclusively under the laws of Kuwait and all disputes between the Parties shall be resolved exclusively in Kuwait.").

[15] Rec. Doc. 6.